JOHN H. SINGER, Respondent, v. WESTCHESTER SERVICE CORPORATION, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay continued for thirty days to enable appellant to apply to the Court of Appeals. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

UTILITY ELECTRIC COMPANY, INC., Respondent, v. FRANK WILSON, etc., and Others, Defendants. EMIL PREISS and Another, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Motion to resettle order denied. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

ALEX C. WEBBER, as Assignee of BUILDERS MATERIAL SUPPLY COMPANY, Respondent, v. IRVING BERKOWSKY and LILLIAN BERKOWSKY, Appellants, and Others, Defendants.— Motion to resettle order of October 17, 1930, granted, and order resettled so as to provide that the date of issue remain as heretofore, and that the case retain its place on the calendar of the Supreme Court, Kings county. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

RAE N. BOSLOW, Respondent, v. ALBERT EPSTEIN and WILLIAM ROTH, Defendants, and HERTZ DRIVURSELF STATIONS, INC. (N. Y.), Appellant.— Judgment and order denying motion to set aside the verdict unanimously affirmed, with costs. The jury, in the light of the testimony in rebuttal as to the presence of Becker at the scene immediately following the accident, were enabled to say that the defense was not true. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

JOSEPH CARISTI, Respondent, v. PAOLO CARISTI and CONCETTA CARISTI, Appellants.— Order requiring defendants to deliver another deed reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The deed by plaintiff's father to defendants covered plot " A," which he owned, and plot " C," to which he did not have title. Thereafter, defendants acquired, for a consideration paid by them, title to plot " C." The plaintiff reimburses the defendants merely for taxes on plot " A " and not for the consideration paid for the deed to them by Sorenson of plot " C." The defendants must reconvey to plaintiff by the same description as the deed to them but are not required to give any greater title than they received from plaintiff's father. Therefore, the clause in the deed tendered by defendants to plaintiff was proper. Defendants should apply for a modification of the judgment heretofore modified by this court so as to direct a conveyance of plot " A " only. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.

WALTER W. CARR, Respondent, v. DUDLEY M. J. SAUNDERS, as President of Local No. 968, International Longshoremen's Association, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.